**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JASON A. SMITH,

               Plaintiff,

v.

                                          Case No. 09-14572

NATIONSTAR MORTGAGE, LLC, ORLANS
ASSOCIATES, P.C., WAYNE COUNTY                    HON. MARIANNE O. BATTANI
TREASURER, FIRST AMERICAN REO
SERVICING, and TITLE SOURCE,

               Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
NATIONSTAR, ORLANS & FIRST AMERICAN'S MOTION TO DISMISS,
OR ALTERNATIVELY FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S
EX PARTE EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
OR IN THE ALTERNATIVE PRELIMINARY INJUNCTION**

      Before the Court are Defendants Nationstar Mortgage, LLC, Orlans Associates,

P.C., and First American REO Servicing's Motion to Dismiss or Alternatively for

Summary Judgment (Doc. No. 11) and Plaintiff's Ex Parte Emergency Motion for

Temporary Restraining Order or in Alternative a Preliminary Injunction (Doc. No. 14).

The parties previously stipulated to the dismissal of Defendants Wayne County

Treasurer and Title Source.  For the reasons discussed below, the Court **GRANTS** in

part and **DENIES** in part Defendants' motion and **DENIES** Plaintiff's motion.

**I.**      **STATEMENT OF FACTS**

      In his complaint, Plaintiff Jason A. Smith alleges that he entered into an

unconscionable contract with Nationstar Mortgage LLC (Nationstar) on March 7, 2007,

and that on May 1, 2009, a nonjudicial foreclosure sheriff sale was held on property he owned.  Compl. at ¶¶ 6, 7.  He alleges violations of state and federal law arising out his mortgage agreement and the subsequent foreclosure.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint that fails "to state a claim upon which relief may be granted."  "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true."  Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996).  Thus, when faced with a Rule 12(b)(6) motion to dismiss, a district court "must construe the complaint in the light most favorable to the plaintiff, [and] accept all factual allegations as true[.]"  Allard, 991 F.2d at 1240.  To defeat a motion to dismiss, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[A] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Allard, 991 F.2d at 1240 (quotation omitted).

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether to grant summary judgment, this Court "must construe the evidence and draw

all reasonable inferences in favor of the nonmoving party." <u>Hawkins v. Anheuser-Busch, Inc.</u>, 517 F.3d 321, 332 (6th Cir. 2008).

**III.     ANALYSIS**

The Complaint contains no reference to Defendant First American REO Servicing.  Accordingly, the Court grants its request for dismissal from this lawsuit.

### A.     UCC Violations/Promissory Note/Bank Violations

Plaintiff alleges that the mortgage agreement is unconscionable under Uniform Commercial Code (UCC) section 2-302.  The UCC applies to "transactions in goods," not realty.  <u>See</u> U.C.C. §§ 2-102, 2-103, 2-105 (2004); <u>see also</u> MICH. COMP. LAWS §§ 440.2102, 2105 (2008). Therefore, the provision upon which Smith relies to advance his claim is inapplicable.

In addition, Smith attached a UCC Financing Statement and  Addendum as an exhibit.  Pl.'s Ex. 3.  He names himself, Jennifer Granholm, Orlans Associates P.C., and Nationstar as debtors.   A UCC financing statement is merely a record filed to give notice of a secured party's interest in the property of a debtor.  Here, the Court is unable to discern how the financing statement supports a cause of action.  The property is not identified, and the financing statement was not registered until April 22, 2010, long after the complaint was filed.

Next, Plaintiff claims that Defendants wrongfully foreclosed on the property because they have not presented the Promissory Note.  Moreover, Smith asserts that Defendants are not holders in due course of Plaintiff's note because the Note was in default.

Contrary to Smith's assertion, the state statute upon which Defendants relied in the foreclosure and sale of Smith's property does not require presentation of the original note before commencing foreclosure proceedings. Moreover, Exhibit 1 to Defendants' reply shows that Plaintiff's mortgage contained a power of sale clause. Consequently, under MICH. COMP. LAWS. § 600.3204(1),

> a party may foreclose a mortgage by advertisement if all of the following circumstances exist:
>
> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
>
> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
>
> (c) The mortgage containing the power of sale has been properly recorded.
>
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

Because this action involves the nonjudicial foreclosure of a real estate mortgage under a Michigan statute that does not require presentation of the original note before commencing foreclosure proceedings, the complaint fails to state a claim upon which relief may be granted.

### B. Fair Debt Collection Practices Act

In his complaint, Plaintiff alleges that Orlans Associates P.C. (Orlans) violated the Fair Debt Collection Practices Act (FDCPA) by failing to verify a debt and continuing collection efforts pending verification. Specifically, Smith contends that Orlans "failed to

4

cease and desist collection activities as a third party debt collector, when [Plaintiff] disputed the debt alleged by Defendant Nationstar Mortgage and asked for verification of the debt." Compl. at ¶ 33. Orlans asserts the claim must be dismissed because it is not a "debt collector" for purposes of the Act. The Court declines to make such a finding as a matter of law.

The FDCPA defines a debt collector as follows: "Any person who uses any instrumentality of interstate commerce or the mails in any business the principle of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6)

In support of its position, Orlans provides the affidavit of its employee, Marshall Isaacs, to establish that Orlans "provide[s] legal representation of its clients in the enforcement of security interests through conducting foreclosures by advertisement proceedings." Defs.' Ex. 2 at ¶ 4. "At the commencement of every foreclosure by advertisement proceeding conducted by Orlans, a standard letter is mailed to the borrower which notifies that person that foreclosure proceedings have been commenced. This letter contains information regarding the amount the creditor claims is due (as calculated by the mortgagee or servicer of the borrower's loan) and also informs the borrower of certain legal rights, but does not demand payment of debt." Id. at ¶ 7. According to Issacs, Orlans sent a letter to Smith "to serve as notice of the commencement of foreclosure by advertisement proceedings and to notify [him] of certain legal rights, but not to demand payment of debt." Id. at ¶ 11.

Several courts in this District have held that "[a]ttorneys who merely represent creditors and do not send demand letters to debtors do not act as 'debt collectors' under the FDCPA." <u>Claxton v. Orlans Associates, P.C.</u>, No. 10-11813, 2010 WL 3385530 at * 3 (E. D. Mich. Aug. 26, 2010) (citing <u>Waller v. Life Bank</u>, No. 07-13300, 2007 WL 3104917 (E.D. Mich. Oct. 22, 2007)) (holding that "attorneys who represent debt collectors and do not send demand letters to debtors" are not governed by the FDCPA); <u>see also</u> <u>TerMarsch v. Fabrizio & Brook, P.C.</u>, No. 06-12514 2006 WL 3313744 (E.D.Mich., Nov. 15, 2006) (defendant instituted nonjudicial foreclosure proceedings and never sent a demand letter); <u>McCall v. GMAC Mort. Corp.</u>, 07-10198, 2007 WL 120135 (E. D. Mich. April 6, 2007) (uncontested that the defendant was not a debt collector).

The Court nevertheless declines to award summary judgment to Defendant on this ground. Isaacs only addresses the letter dated January 8, 2009. Def.'s Ex. 2, ¶ 11. A January 9, 2009, letter sent by Orlans to Smith advises him that "communication with [Orlans] could be interpreted as an attempt to collect a debt and that any information obtained will be used for that purpose." Pl.'s Resp. Ex. 2. It further states that "this office will continue all **collection and foreclosure activity** unless and until a workout plan has been completed and agreed to by Nationstar Mortgage and you." <u>Id.</u> (Emphasis added). It includes the statement that "[p]ursuant to federal law, Orlans is a 'debt collector' " and informs Smith that "any information obtained will be used for that purpose." <u>See</u> Pl.'s Resp. Ex. 2. This letter is not addressed in the Isaacs affidavit. Therefore, the case law upon which Orlans relies to show it is excluded from the FDCPA's definition of a "debt collector" because it only pursued nonjudicial foreclosure

is distinguishable.  <u>See</u> <u>e.g.</u> <u>Montgomery v. Huntington Bank</u>, 346 F.3d 693, 700 (6th Cir. 2003) (holding that a party enforcing a security interest, for example an agency repossessing a car, "falls outside the ambit of the FDCPA, except for purposes of § 1692(f)).  In deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to Plaintiff.  Here, Orlans has failed to demonstrate there is no genuine issue of material fact as to whether it is a debt collector as defined by the Act.

The FDCPA gives consumers the right to a validation notice, including the right to make a written request for verification of the debt and to dispute the validity of the debt. 15 U.S.C. §1692g(a).  To state a claim that the provision was violated, Smith is required to allege that collection activities continued after he requested verification of the debt. He does so in his Complaint.  In addition, Plaintiff includes an undated letter, "requesting Orlans cease and desist collection activities prior to the validation of purported debt."  Doc. 1, p. 13.  Orlans has not addressed the merits of the allegation. Accordingly, the request for summary judgment on the claim is denied.

### C.  RICO

Smith alleges Defendants concealed the terms and conditions of his loan in violation of Racketeer Influenced and Corrupt Organizations (RICO), 18 U.S.C. § 1961. To state a RICO claim, a plaintiff must plead the following elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  <u>Sedima, S.P.R.L. v. Imrex Co., Inc.</u>, 473 U.S. 479, 496 (1985).  Therefore, to establish a RICO violation under 18 U.S.C. § 1962(c), Smith must allege that Defendants engaged in a "pattern of

racketeering activity" consisting of at least two predicate acts of racketeering activity occurring within a ten-year period.

RICO provides an exhaustive definition of "racketeering activity," which includes 18 U.S.C. § 1341 (mail fraud) and § 1346 ( "scheme or artifice to defraud" any "scheme or artifice to deprive another of the intangible right of honest services"). 18 U.S.C. §§ 1341, 1346.  Because Smith relies on charges of wire and mail fraud as the predicate acts of a RICO claim, he must plead the factual circumstances of the fraud itself with particularity as required by Rule 9(b).  Specifically, "Rule 9(b)'s pleading requirements in RICO cases in which the 'predicate acts' are mail fraud and wire fraud, require specific allegations as to which defendant caused what to be mailed (or made which telephone calls), and when and how each mailing (or telephone call) furthered the fraudulent scheme."  Gotham Print, Inc. v. American Speedy Printing Centers, Inc., 863 F.Supp. 447, 458 (E.D. Mich. 1994).  See also, Brightman v. Freeway Assoc., No. 90-4072 1991 WL 151057 (6th Cir. Aug.8, 1991) (unreported table case) (upholding district court's dismissal of RICO claim for failure to plead with sufficient particularity).

Here, Smith has failed to include any specific allegations in his Complaint. Accordingly, the claims for fraud and mail fraud under RICO must be dismissed.

### D.  Temporary Restraining Order

In this case, the sole remaining claim brought under the FDCPA provides no basis for the injunctive relief requested by Plaintiff.  Courts analyze four factors in assessing whether injunctive relief is warranted: "(1) whether the plaintiff has a strong likelihood of succeeding on the merits; (2) whether the plaintiff will suffer irreparable injury absent the injunction; (3) whether issuing the injunction will cause substantial

harm to others; and (4) whether the public interest will be furthered by the issuance of the injunction." Gonzales v. Nat'l Bd. of Med. Examiners, 225 F.3d 620, 625 (6th Cir. 2000). Notably, Plaintiff has made no showing relative to the likelihood of success on the merits. Moreover, to the extent that Orlans may be found to have violated the Act, money damages are appropriate. Simply put, there is no showing that Smith will suffer irreparable injury absent the injunction. Therefore, Plaintiff cannot satisfy the standards that must be met for this extraordinary remedy. Overstreet v. Lexington-Fayette Urban County Gov't, 305 F.3d 566, 573 (6th Cir. 2002).

Further, Plaintiff requested this relief shortly after his appeal of an eviction order was dismissed by the state court. To the extent that Smith seeks review of the Michigan courts' disposition of this mortgage/foreclosure/eviction dispute, he must appeal through the state courts, up to and including the Michigan Supreme Court, before coming to federal court. See 28 U.S.C. § 1257; Todd v. Bank of America, 2010 WL 2011036, *1 (E.D. Mich. May 19, 2010) ("[T]o the extent [that] Plaintiff is challenging a foreclosure proceeding that occurred in state court, the case is barred by the Rooker-Feldman doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923))."

**IV.     CONCLUSION**

Accordingly, Defendants' Motion to Dismiss and/or for Summary Judgment is

**GRANTED** as to Plaintiff's claims under UCC, and bank and RICO violations and

**DENIED** as to his FDCPA claim against Orlans.

Further, Plaintiff's Ex Parte Emergency Motion for Temporary Restraining Order

or in Alternative a Preliminary Injunction is **DENIED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE


DATED: November 3, 2010




**CERTIFICATE OF SERVICE**

Copies of this Order were served upon Plaintiff and counsel of record on this

date by ordinary mail and/or electronic filing.


s/Bernadette M. Thebolt
Case Manager