UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON A. SMITH,

        Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, ORLANS ASSOCIATES, P.C., WAYNE COUNTY TREASURER, FIRST AMERICAN REO SERVICING, and TITLE SOURCE,

        Defendants.

_____/

Case No. 09-14572

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANT ORLANS ASSOCIATES, P.C.'S MOTION FOR SUMMARY JUDGMENT**

    Before the Court is Defendant Orlans Associates, P.C.'s (Orlans) Motion for Summary Judgment (Doc. No. 32). The Court has reviewed all the relevant filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendant's motion.

**I.    STATEMENT OF FACTS**

    In his complaint, Plaintiff Jason A. Smith alleges violations of state and federal law arising out his mortgage agreement and the subsequent foreclosure. The Court previously dismissed the other Defendants and claims. The remaining claim is based on Smith's allegation that Orlans violated the Fair Debt Collection Practices Act by failing to verify a debt and continuing collection efforts pending verification. Specifically, Smith contends that Orlans "failed to cease and desist collection activities as a third

party debt collector, when [Plaintiff] disputed the debt alleged by Defendant Nationstar Mortgage and asked for verification of the debt." (Doc. No. 1, ¶ 33.)

Orlans was retained on January 8, 2009, to assist in conducting a mortgage foreclosure by advertisement on a residential mortgage executed by Plaintiff, Jason Smith, and Alia Smith in March 2007. (Doc. No. 342, Ex. 2, ¶ 6.). According to Orlans, its Loan Resolution Department received a "debt dispute" letter on November 23, 2009. (Id. at ¶ 7.) Orlans is unable to locate the actual letter received, but the file contains no other receipt of correspondence disputing the debt from Plaintiff. (Id. at ¶¶ 8, 9.).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).

## III. ANALYSIS

The FDCPA gives consumers, such as Plaintiff, the right to a validation notice, including the right to make a written request for verification of the debt and to dispute the validity of the debt. 15 U.S.C. §1692g(a). After a debt collector provides notice to the consumer that the debt will be assumed to be valid, the consumer has 30 days from

receipt of the notice to dispute the debt. 15 U.S.C. § 1692g(a)(4); Fed. Home Loan Mortgage Corp. v. Lamar, 503 F.3d 504, 508 n. 3 (6th Cir. 2007). If the consumer disputes the debt within the 30-day period, § 1692g(b) provides, in part, that "the debt collector shall cease collection of the debt. . .until the debt collector obtains verification of the debt or a copy of a judgment. . .and a copy of such verification or judgment. . .is mailed to the consumer by the debt collector."

Here, Orlans' initial communication for purposes of § 1692g occurred on January 9, 2009. (Doc. No. 32, Ex. B.) Upon completion of discovery, Plaintiff was unable to provide anything other than the undated letter he attached to his complaint, to show that he requested that "Orlans cease and desist collection activities prior to the validation of purported debt." (Doc. No. 1, p. 13.) It is undisputed that Orlans received a demand for validation letter from Smith on November 23, 2009. (Doc. No. 32, Ex 2.)

At his deposition, Plaintiff was asked to produce any proof of mailing of a validation demand. Although Smith produced evidence of a certified mailing, it was dated January 29, 2011, well beyond the date of receipt recorded by Orlans. Plaintiff provided no evidence to show that he disputed the debt within the statutory time frame The only evidence of a mailing of a debt dispute letter is the letter itself and the file receipt dated November 23, 2009. Consequently, the dispute letter was filed too late.

In sum, Plaintiff's claim that Orlans violated § 1692g(b) by failing to cease collection activities until the debt was verified, cannot be sustained because Plaintiff has failed to support the claim with facts showing that Plaintiff sent a written notice of the dispute within the 30 days of the § 1692g(a) notice. Therefore, to the extent that Orlans engaged in "collection activities," those activities were not prohibited under the statute.

In fact, when Orlans received Plaintiff's letter, the foreclosure sale had already occurred. Based upon the undisputed evidence, the Court finds as a matter of law that Orlans did not violate the FDCPA.

Plaintiff also alleges in his complaint that Orlans violated Rule 17, of the Federal Rules of Civil Procedure, because it "has not provided Ratification of Commencement," as requested in a letter dated January 1, 2009.  (Doc. No. 1, ¶ 34.)  Plaintiff argues in his response brief, that Orlans is not the "true owner of the claim sued upon and that [Orlans] is not the real party in interest and is not shown to be authorized to bring this foreclosure action."   (Doc. No. 35, ¶ 1.)

Rule 17 governs the ability of a plaintiff to bring a suit in federal court.  See 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1543 (2010) ("By its very nature, Rule 17(a) applies only to those who are asserting a claim and thus is of most importance with regard to plaintiffs" and parties asserting cross-claims and counterclaims).  Here, Orlans status as a real party in interest capable of prosecuting an action is not at issue.  It is defending a claim  that it violated the FDCPA.

I**V.   CONCLUSION**

Accordingly, Defendant's' Motion for Summary Judgment is **GRANTED.**    In light of the Court's holding, Plaintiff's Motion for a Declaratory Judgment Necessary to Determine the Liability and Damages (Doc. No. 25) is **MOOT**, and Plaintiff's Complaint is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

4

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATED: <u>June 10, 2011</u>

## CERTIFICATE OF SERVICE

 Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and electronic filing.

        s/Bernadette M. Thebolt
        Case Manager